UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BEN ANDREW GORDON AND PHYLLIS MARIE GORDON | CIVIL ACTION   3:15-cv-00009-cv-DRH-DGW |
| Plaintiffs, | COMPLAINT |
| v. | |
| SELENE FINANCE, LP d/b/a SELENE FINANCE, a Delaware Limited Partnership. | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COME the Plaintiffs, BEN ANDREW GORDON and PHYLLIS MARIE GORDON ("Plaintiffs"), by and through their attorneys, Law Offices of Mueller & Haller, L.L.C. and Sulaiman Law Group, Ltd., complaining of the Defendant, Selene Finance, LP d/b/a Selene Finance, a Delaware Limited Partnership ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action as consumers to secure redress from unlawful credit and collection practices engaged in by Defendant. Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA") and for violations of the Discharge Order pursuant to 11 U.S.C. 524.

1

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA, ICFA and Title 11 of the United States Code. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Southern District of Illinois and Defendant's collection communications and practices impacted Plaintiffs within the Southern District of Illinois.

**PARTIES**

4. Plaintiffs are natural persons residing at 304 Sandra Drive, Belleville, Illinois 62223.

5. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. At all times relevant to the action, Defendant was a limited partnership with its principal place of business located at 9990 Richmond Avenue, Suite 400 South, Houston, TX, 77042. Defendant's registered agent is CT Corporation Systems, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

7. Defendant is a loan servicing company that is in the business of acquiring mortgage loans which are in default.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. At all times relevant to this complaint, the Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

10. On or about July 1, 2004, Plaintiffs obtained a residential mortgage secured by real property located at 304 Sandra Drive, Belleville, Illinois 62223 from GMAC Mortgage Corporation. ("subject debt"). *See* attached Exhibit A, a true and correct copy of the relevant Mortgage and Note.

11. After July 1, 2004 but prior to January 18, 2011 the subject debt was transferred to Acqura Loan Services.("Acqura")

12. On January 18, 2011, Plaintiffs filed a Chapter 13 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 11-30066, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit B, a true and correct copy of the Notice of Bankruptcy.

13. Acqura serviced the subject debt at that time.

14. Plaintiffs listed Acqura as a secured creditor on their bankruptcy Schedule D. *See* attached Exhibit C, is a true and accurate copy of Schedule D filed with Plaintiffs' Bankruptcy Petition.

15. By virtue of Plaintiffs listing Acqura as a creditor, Russell Simon, Chapter 13 Trustee sent Acqura notice of the bankruptcy filing. *See* attached Exhibit D is a true and correct copy of the Certificate of Service executed by Russell Simon establishing service of the notice of bankruptcy filing upon Acqura.

16. On August 7, 2012, Acqura transferred its claim to Defendant, Rushmore Loan Management Services, LLC., as servicer for Residential Mortgage Trust 2008 R1.

17. On February 11, 2013, Residential Mortgage Trust 2008 R1 filed a Motion for Relief which was granted on February 27, 2013.

18. On April 29, 2013, Plaintiffs converted their Chapter 13 case to a case under Chapter 7.

19. On August 26,2013, Plaintiffs were discharged of all dischargeable debts, including the subject debt, pursuant to Section 727 and 524 of the Bankruptcy Code.

20. On August 29, 2013, the BNC served Acqura with a copy of the Discharge Order entered in Plaintiffs' bankruptcy case. *See* attached Exhibit E is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Discharge Order upon Acqura and Residential Mortgage Trust 2008 R1.

21. On June 12, 2014, Rushmore Loan Management Services, LLC sent a monthly mortgage statement to Plaintiffs, demanding payment in the amount of $34,846.26.

22. On October 31, 2014, an Order was entered by Judge Laura K. Grandy, in The United States Bankruptcy Court for the Southern District of Illinois which resolved a Motion for Contempt against Rushmore Loan Management Services, LLC.,.

23. Two weeks after Plaintiffs resolved the Motion for Sanctions with Rushmore Loan Management Services, LLC, Plaintiffs received a second mortgage statement. On November 14, 2014, Defendant sent a mortgage statement to Plaintiffs seeking $51,139.44. *See* Exhibit F, a true and correct copy of the November 14, 2014 mortgage statement.

24. Defendant had knowledge of the discharged status of the subject debt at the time it sent the monthly mortgage statement to Plaintiffs.

25. After it acquired the servicing rights to the subject debt, and with actual knowledge of Plaintiffs' Chapter 7 bankruptcy and their subsequent discharge thereafter, Defendant continued to send demands for payment on the subject debt.

26. The statement included a detachable payment coupon with the instructions to detach and pay the amount of $51,139.44 by December 11, 2014. *Id.*

27. The statement indicated that if payment was not received by December 11, 2014 a maximum late fee of $24.30 may be charged.

28. Furthermore, each statement stated:

> "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." *Id.*

29. Defendant, as a sophisticated debt collector, should have systems and procedures in place to identify accounts discharged in bankruptcy.

30. All of Defendant's collection efforts occurred with actual knowledge of Plaintiffs' bankruptcy filing.

31. Concerned about the violations of their rights and protections afforded by virtue of filing her Chapter 7 case, Plaintiffs sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

32. Plaintiffs have expended time and incurred costs consulting with their attorneys as a result of Defendant's deceptive collection actions.

33. Plaintiffs were unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt.

34. Plaintiffs suffered from emotional distress by Defendant's unlawful attempts to collect the discharged subject debt as they were led to believe their bankruptcy had no legal effect.

**COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

35. Plaintiffs repeat and reallege paragraphs 1 through 34 as though fully set forth herein.

36. Defendant violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts.

37. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment of the subject debt because it was discharged in Plaintiffs' Chapter 7 bankruptcy.

38. Similarly, Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not owed by virtue of Plaintiffs' bankruptcy discharge.

39. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Plaintiffs' obligation to Defendant was discharged in bankruptcy, and thus they did not have a duty or obligation to make the payment demanded.

40. It was inherently unfair and deceptive for Defendant to attempt to collect the discharged subject debt from Plaintiffs, unsophisticated consumers.

41. It is also inherently deceptive and oppressive for Defendant to induce Plaintiffs into paying a debt that they do not owe by threatening to report their non-payment to the credit bureaus and threatening late fees.

42. Given that the underlying subject debt was duly scheduled in Plaintiffs' bankruptcy and subsequently discharged, Defendant had no legal right to attempt to collect the subject debt from Plaintiffs.

43. Furthermore, Defendant violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Plaintiffs' obligation to pay the subject debt was extinguished by their bankruptcy discharge.

44. In doing so, Defendant has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

45. As pled above, Plaintiffs have suffered damages as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiffs, BEN ANDREW GORDON and PHYLLIS MARIE GORDON, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiffs statutory damages of $1,000 as prescribed by the FDCPA;

c. awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II --VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

46. Plaintiffs restate and reallege paragraphs 1 through 34 as though fully set forth herein.

47. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiffs.

48. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

49. Plaintiffs are consumers as defined by ICFA, 815 ILCS 505/1(e).

50. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

51. Defendant's demands for payment on the subject debt, which was duly scheduled in Plaintiffs' bankruptcy and subsequently discharged, represents the use of deception, fraud and false pretense in an attempt to collect a debt that was not collectable at the time the demands for payment were made by Defendant.

52. It is inherently deceptive and oppressive for Defendant to induce Plaintiffs into paying a debt that they do not owe by threatening to report non-payment to the credit bureaus.

53. Defendant had actual knowledge of Plaintiffs' bankruptcy discharge when it attempted to unlawfully collect on the uncollectable subject debt.

54. Defendant intended that Plaintiffs rely on its misrepresentations in its efforts to induce Plaintiffs into paying a debt that they no longer owed and a debt that cannot be legally enforced.

55. ICFA was designed to protect consumers, such as Plaintiffs, from the exact behavior committed by Defendant.

56. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

57. As pled above, Plaintiffs have suffered damages as a result of Defendant's unlawful collection practices.

58. As such, Plaintiffs are entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiffs, BEN ANDREW GORDON and PHYLLIS MARIE GORDON, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiffs actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Plaintiffs costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 6, 2015                    Respectfully Submitted,

/s/ James J. Haller
James J. Haller -.6226796
William A. Mueller - #06187732
Attorneys for Plaintiff
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000

Penelope N. Bach - 6284659
Attorney for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188